THE STATE, FRANCIS A. CUNNINGHAM, PROSECUTOR, v. THE BOROUGH OF MERCHANTVILLE.

1. The Borough act of 1897 (*Pamph. L., p.* 285) provides that ordinances must be submitted at a regular meeting and passed at a subsequent meeting, and before they take effect shall be posted five days or be published in a newspaper for two successive issues. *Held,* that a provision of the act that no *certiorari* shall be allowed to set aside any ordinance for any improvement after the contract therefor shall be awarded is a reasonable limitation, and therefore valid.

2. Inquiry by *certiorari* into the validity of a contract to do work for a municipality will not be made at the instance of a prosecutor who has · suffered the work to proceed for several weeks and only applies for his writ after the work is nearly completed. He is barred by laches.

3. Inquiry into the regularity of an issue of bonds under such a contract will not be made at the instance of such a prosecutor, where the bonds have been delivered and the contractors are not made parties to the writ.

On *certiorari.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutor, *Howard Carrow.*

For the defendant, *C. V. D. Joline* and *David J. Pancoast.*

The opinion of the court was delivered by

COLLINS, J.    The prosecutor, a resident and taxpayer of the borough of Merchantville, has removed to this court by one writ of *certiorari,* (1) an ordinance passed August 3d, 1897, providing for the construction of sidewalks, (2) the returns of a special election held September 2d, 1897, authorizing the issue of bonds for $25,000 to pay therefor, (3) a contract with Richardson & Ross to construct the sidewalks, and (4) a resolution, passed October 19th, 1897, directing the issue to the contractors of negotiable bonds to the amount of $18,000 on account of $22,668.72 due up to that time on

their contract. The proofs show that when the writ was allowed the work under the contract was nearly completed, and the bonds had been delivered to the contractors, who were not made parties to the cause.

This *certiorari* must be dismissed.

The general act relating to boroughs, Revision of 1897 (*Pamph. L.*, p. 285), under which all the proceedings were taken provides in section 92 that no *certiorari* shall be allowed, to set aside any ordinance for any improvement, after the contract therefor shall have been awarded by the council. A reasonable limitation upon the time within which a *certiorari* may issue is constitutional. *Traphagen* v. *West Hoboken,* 10 *Vroom* 232 ; *affirmed,* 11 *Id.* 193. What is a reasonable limitation will be determined upon the facts of each case as they arise. *Green* v. *Jersey City,* 13 *Id.* 118 ; *Van Anglen* v. *Bayonne,* 27 *Id.* 463.

Ordinances in boroughs must be submitted at a regular meeting and passed at a subsequent regular meeting, and do not go into effect until posted for at least a week or published in a newspaper for two successive issues. Section 26. A diligent prosecutor has ample time to make his application before a contract can possibly be awarded. In the case in hand more than a month elapsed before the contract was made. It is argued for the prosecutor that the contract does not rest on the ordinance, but the contrary is plain. Under section 33, paragraph 3, the construction of sidewalks at the expense of the abutting owners must be by ordinance. This ordinance gives such owners an opportunity, on notice, to construct for themselves, failing which the city is to construct and recover the cost by an assessment. Without such an ordinance the contract would have been invalid, and, while the ordinance does not, in terms, provide for a contract, it implies that one will be made. The case comes clearly within the limitation, and the limitation is reasonable. We do not intimate that there is any infirmity in the ordinance.

The attack upon the contract itself is barred by laches. *Bowne* v. *Logan,* 14 *Vroom* 420. This renders its unnec-

essary to inquire into the merits of the award of the contract. We would not do so in the absence of the contractors, who have not been brought into court.

The same defect of parties leads us to refuse an inquiry into the regularity of the proceedings to issue bonds. The contractors are deeply interested in that matter, and have already received about three-fourths of the entire amount authorized. The court should not render any judgment impeaching these bonds without having before it the parties interested in their maintenance. *Kiernan* v. *Jersey City*, 11 *Vroom* 483. True, this course is discretionary (*Siedler* v. *Freeholders of Hudson*, 10 *Id.* 632), but every consideration of justice demands it where the bonds have been issued in payment for work done under a municipal contract. We might order that the cause stand over to bring in the contractors, but, in the exercise of our discretion, we decline to do so. It can make no substantial difference to the prosecutor whether the contractors are paid in bonds or in cash.

It is claimed that bonds cannot lawfully be issued in any case for sidewalk improvements. Section 39 expressly authorizes such an issue.

The defendants are entitled to costs.